Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000130
27-JUL-2018
11:01 AM

NO. CAAP-18-0000130

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CITIMORTGAGE, INC., Plaintiff-Appellee,
v.
BESSIE LEE FREITAS PREGANA and BRIAN JOSEPH PREGANA, SR.,
Defendants-Appellants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-000755)


ORDER GRANTING THE JUNE 19, 2018 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of (1) Plaintiff-Appellee Citimortgage, Inc.'s (Citimortgage) June 19, 2018 motion to dismiss appellate court case number CAAP-18-0000130 for lack of appellate jurisdiction, (2) the July 2, 2018 memorandum by Defendants-Appellants Bessie Lee Freitas Pregana and Brian Joseph Pregana, Sr. (the Pregana Appellants), pro se, in opposition to Citimortgage's June 19, 2018 motion, and (3) the record, it appears that we lack appellate jurisdiction over the Pregana Appellants' appeal as to the Honorable Bert I. Ayabe's February 4, 2015 judgment on a decree of foreclosure in Civil No. 13-1-0755-03, because the Pregana Appellants' March 6, 2018 notice of appeal is untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP). It further appears that we

lack appellate jurisdiction as to the Pregana Appellants' appeal from the Honorable Jeannette Holmes Castagnetti's April 17, 2018 order granting Citimortgage's February 5, 2018 motion to terminate a prior stay order in this case, because the April 17, 2018 order does not satisfy the requirements for an appealable final order under Hawaii Revised Statutes (HRS) § 667-51(a) (2016) or HRS § 641-1(a) (2016).

The circuit court's February 4, 2015 judgment on the decree of foreclosure was immediately appealable under HRS § 667-51(a)(1). "When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." HRAP Rule 4(a)(1). The Pregana Appellants did not file their March 6, 2018 notice of appeal within thirty days after entry of the February 4, 2015 judgment, as HRAP Rule 4(a)(1) required for a timely appeal. Although the record on appeal contains a notice of entry of judgment indicating that the circuit court clerk mailed a copy of the February 4, 2015 judgment to the Pregana Appellants on February 4, 2015, the Pregana Appellants assert in their notice of appeal that they did not learn about the entry of the February 4, 2015 judgment until March 6, 2018. Even assuming, arguendo, that the Pregana Appellants' assertion is correct, Rule 77(d) of the Hawaiʻi Rules of Civil Procedure (HRCP) provides that the "[l]ack of notice of the entry by the clerk or failure to make such service, does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Hawaiʻi Rules of Appellate Procedure." As the Supreme Court of Hawaiʻi has explained:

> Although HRCP Rule 77(d) specifically refers to HRAP Rule 4(a) as providing the only relief for a party's failure to timely file a notice of appeal, nothing in Rule 77(d) suggests that the failure of the clerk to timely notify the parties of the entry of judgment could excuse a party's neglect. "A party has an independent duty to keep informed and mere failure of the clerk to notify the parties that judgment has been entered does not provide grounds for excusable neglect or warrant an extension of time." Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1412 (9th Cir.1986) (citations omitted). This is especially so where, as here, "[appellants] presented no reason for their failure, for example, to send a messenger to court to look up the relevant date, and we see no 'forces beyond their

control,'-at least on this record-that prevented them from taking this eminently reasonable step." <u>Virella-Nieves</u>, 53 F.3d at 453.

<u>Enos v. Pacific Transfer & Warehouse, Inc.</u>, 80 Hawai‘i 345, 353, 910 P.2d 116, 124 (1996); <u>see also</u> <u>Ek v. Boggs</u>, 102 Hawai‘i 289, 299-300, 75 P.3d 1180, 1190-91 (2003).

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. <u>Bacon v. Karlin</u>, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Therefore, we lack appellate jurisdiction over the Pregana Appellants' untimely appeal from the February 4, 2015 judgment.

Although the Pregana Appellants' March 6, 2018 notice of appeal is timely under HRAP Rule 4(a)(1) as to the April 17, 2018 order granting Citimortgage's February 5, 2018 motion to terminate the stay, it appears that the April 17, 2018 order is not independently appealable under either HRS § 667-51(a) (2016) or HRS § 641-1(a). The circumstances of the instant case do not involve a purely post-judgment proceeding, because a foreclosure case is, by its nature, a bifurcated proceeding that does not terminate with the judgment on the decree of foreclosure, but, instead, proceeds forward to the second part of the foreclosure case. The Supreme Court of Hawai‘i

> has previously noted that foreclosure cases are bifurcated into two separately appealable parts: (1) the <u>decree of foreclosure and the order of sale</u>, if the order of sale is incorporated within the decree; and (2) <u>all other orders</u> . . . . A litigant who wishes to challenge a <u>decree of foreclosure and order of sale</u> may – and, indeed, must – do so within the thirty day period following entry of the decree or will lose the right to appeal that portion of the foreclosure proceeding.

Beneficial Hawai'i, Inc. v. Casey, 98 Hawai'i 159, 165, 45 P.3d 359, 365 (2002) (citations and internal quotation marks omitted; emphasis added).

> The rationale for permitting (and requiring) an appeal of a foreclosure decree and its accompanying orders, even though there may be additional proceedings remaining in the circuit court, is that a foreclosure decree falls within that small class of orders which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

Id. (citations and internal quotation marks omitted; emphasis added). Now that the April 17, 2018 order has terminated the stay, the circuit court can proceed with the second part of this bifurcated foreclosure proceeding.

While the stay was pending in the instant case, the parties were waiting for the second part of this bifurcated foreclosure case to begin, namely the determination whether the circuit court should confirm the sale of the foreclosed property. In that sense, the April 17, 2018 order granting Citimortgage's February 5, 2018 motion to terminate the stay is an interlocutory order and does not qualify as an independently appealable order under HRS § 667-51(a).

The April 17, 2018 order granting Citimortgage's February 5, 2018 motion to terminate the stay did not finally determine any proceeding in this foreclosure case, but, instead, it actually recommenced the pending proceeding for determining whether the circuit court should confirm the sale of the foreclosed property. Therefore, the Pregana Appellants' appeal is premature as to the April 17, 2018 order, and we lack appellate jurisdiction.

//

//

-4-

Accordingly, IT IS HEREBY ORDERED that Citimortgage's June 19, 2018 motion to dismiss the Pregana Appellants' appeal is granted, and appellate court case number CAAP-18-0000130 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, **July 27, 2018.**


Chief Judge


Associate Judge


Associate Judge